IN RE ESTATE OF JANE BROWN.
WILLIAM B. BROWN ET AL., APPELLANTS, V. LAURA MAE
KENDALL MURRAY, APPELLEE.

FILED JANUARY 13, 1932. No. 28046.

*Stiner & Boslaugh* and *Edmund P. Nuss,* for appellants.

*William M. Whelan, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

PER CURIAM.

From a judgment determining that a proposed written instrument is the will of Jane Brown, deceased, and that it should be proved and allowed as her will, contestants have appealed.

One of the objections to the probate of the will is that the instrument was not executed in the manner prescribed by statute. The assignments of error on this appeal relate only to the sufficiency of the evidence to prove the due execution of the will.

For many years Mrs. Brown had been a resident of Adams county, Nebraska. In November, 1918, she accompanied her brother, Ben Prideaux, to California to spend the winter. On April 24, 1919, just preceding return to her Nebraska home, Mrs. Brown and her brother went to the office of J. B. Johnson, a real estate dealer, in Pasadena, California, where Mr. Johnson prepared the instrument in controversy. It was signed by Mrs. Brown as her will in the presence of her brother and Mr. Johnson. The two latter, at her request, signed the instrument as attesting witnesses. Mr. Prideaux, the brother, died a year later.

On the trial of the issues in this case competent witnesses, familiar with the signatures of Mrs. Brown, the testatrix, and of Mr. Prideaux, one of the witnesses to the instrument, testified that the signatures were the genuine signatures of the testatrix and of Mr. Prideaux. The evidence of the only surviving attesting witness, Mr. Johnson, was taken by deposition in California. On his examination, a written instrument was presented to him, which he identified, and testified that he had prepared for Mrs. Brown as her will; that she signed it as such in the presence of Mr. Prideaux and himself, and that he and Mr. Prideaux, at her request, signed the instrument in her presence as attesting witnesses. Neither the instrument nor a copy thereof was made a part of Mr. Johnson's deposition. Contestants argue that there is no competent evidence that the written instrument, about which the witness Johnson testified, is the one presented for probate. Counsel, who represented contestants in the trial court, was present at the taking of Mr. Johnson's deposition, and cross-examined him with reference to several provisions in the will, and referred to the provisions by the numbered paragraphs where they appeared in the will. The provisions referred to in

the cross-examination are identical with those in the will received in evidence on the trial. Moreover, the instrument in controversy is written on the back of a letterhead of Mr. Johnson, and that circumstance was referred to in his cross-examination. There is no evidence that Mr. Johnson ever prepared for Mrs. Brown any other will or any other written instrument. Doubtless, had there been any question as to the identity of the instrument, examined and testified to by the witness Johnson, with that offered for probate on the trial, counsel for contestants would have disclosed that fact and offered testimony with reference thereto.

We are of the opinion that the evidence is not only sufficient to sustain a finding that the written instrument offered is the one concerning which the witness Johnson testified, but that the evidence is such as to compel that finding. The evidence would have warranted no other finding.

The record is free from error. Judgment

AFFIRMED.